**IT IS ORDERED as set forth below:**

**Date: February 21, 2025**

_____
**Lisa Ritchey Craig
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **NUTRACAP HOLDINGS, LLC.,** | Case No. 25-50430-LRC |
| Debtor. | |

### FINAL ORDER GRANTING EMERGENCY MOTION TO LIMIT NOTICE AND ESTABLISH NOTICE PROCEDURES

This matter came before the Court for hearing on January 16, 2025 (the "**Hearing**") on the above-captioned debtor and debtor-in-possession (the "**Debtor**")'s Emergency Motion to Limit Notice and Establish Notice Procedures filed on January 14, 2025 (the "**Motion**")[1] [Doc. 8]. The Court issued an Interim Order Granting Emergency Motion to Limit Notice and Establish Notice Procedures on January 24, 2025 [Doc. 22] (the "**Interim Order**") which continued the Hearing to February 13, 2025 and required Counsel for the Debtor to serve all parties with the Interim Order

---

[1] All undefined, capitalized terms contained herein shall have the meaning ascribed to them in the Motion.

as notice of the Motion. All parties were served as directed and no party opposed the relief requested in the Motion. The Court having considered the Motion, the arguments of counsel at the Hearing, and all other matters of records, including the lack of opposition thereto, and it appearing that the Court has jurisdiction over this proceeding, that this is a core proceeding, and that no further notice is necessary, and that good cause exists to limit notice and modify service in this case as outlined in the Motion.

Accordingly, it is hereby ORDERED as follows:

1. The Motion is GRANTED as provided herein.

2. The Debtor is authorized to limit notice in this bankruptcy case to service upon the Master Service List which shall initially include the following interested parties: the Debtor's twenty largest unsecured creditors, unless a committee is appointed; all parties who file a Notice of Appearance or Request for Notices in the case; lenders with an interest in all or substantially all of the Debtor's assets; any relevant taxing or government authorities or agencies; the United States Trustee; and persons requesting to be included on the Master Service List who are not otherwise already provided herein.

3. Parties wishing to be added to the Master Service List must either: 1) formally appear and request service pursuant to Bankruptcy Rule 9010; or 2) make a written request to Debtor's attorneys, at the address listed below, specifically requesting to be added to the Master Service List.

4. Should any changes occur, the Debtor shall promptly update the Master Service List.

5. Any person filing a pleading or other paper in this case shall serve such pleading or paper on (a) all parties in interest listed on the most recent Master Service List; and (b) any creditor or other party in interest whose interests are likely to be affected directly by the pleading or

proceeding. Such person shall file a certificate of service with the Court identifying the interested parties served; objections and other pleadings filed by the United States Trustee need only be served upon counsel for Debtor, and counsel for any official committee appointed in the appropriate case. Except as provided herein no further service shall be required.

6. Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties in interest at their last known address to Debtor, unless otherwise ordered by the Court: (1) notice of the first meeting of creditors pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (2) notice of the deadline to file proofs of claim; (3) notice of time fixed for filing objections and the hearing to consider confirmation of a plan of reorganization; and (4) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization. The Master Service List would also be used for matters as required by the U.S. Bankruptcy Court Northern District of Georgia Local Rules to be served upon all parties in interest.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

**[END OF DOCUMENT]**

**Prepared and Presented by:**

**ROUNTREE LEITMAN KLEIN & GEER, LLC**

*/s/ Caitlyn Powers*
Will B. Geer, Ga. Bar No. 940493
Caitlyn Powers, Ga. Bar No. 856354
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
wgeer@rlkglaw.com
cpowers@rlkglaw.com
*Proposed Attorneys for the Debtor*

**No opposition by:**

**OFFICE OF THE UNITED STATES TRUSTEE**

*/s/ Jonathan Adams (signed with express permission)*
Jonathan S. Adams
Georgia Bar No. 979073
U.S. Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4438 Telephone
Jonathan.s.adams@usdoj.gov

**Distribution List**

Will B. Geer
ROUNTREE LEITMAN KLEIN & GEER, LLC
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329

Office of the U.S. Trustee
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303